IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


KEITH RUSSEL JUDD,        )
                                   )
         Plaintiff,      )     2:11-cv-00773
                                   )     Judge Joy Flowers Conti/
                                   )     Magistrate Cynthia Reed Eddy
                                   )
            v.             )
                                   )
PENNSYLVANIA DEPARTMENT OF  )
State, et al.                     )


## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

The Court considers here pending motions filed by Keith Russel Judd ("Judd" or

Plaintiff") to Proceed in forma pauperis in the filing of a Complaint seeking declaratory and

injunctive relief. Pursuant to that Complaint, Judd seeks to have his name placed on the 2012

Presidential Election Ballot of the State of Pennsylvania, and for relief permitting and aiding

convicted felons to vote in all federal elections. [ECF No. 1]. The Court also considers

Plaintiff's Motion for Waiver of Filing fees and Costs on Appeal under the Twenty-Fourth

Amendment in this Voting Rights Action. [ECF No. 7]. It is respectfully recommended that

both of these Motions be denied, and that the matter be dismissed with prejudice for failure to

comply with Court orders.

## II. REPORT

On June 10, Plaintiff filed a Motion for leave to proceed in forma pauperis in a suit

seeking, inter alia, to have his name placed on Pennsylvania's 2012 Presidential Election Ballot.

On June 13, 2011, the Court filed an Order directing Plaintiff to submit to the Court a certified copy of his institutional account statement from every institution in which he was confined, showing the status of each account from December 1, 2010 through the date of submission. Plaintiff failed to comply with this Order, instead filing a Motion for Total Waiver of Filing fees and Costs under the Twenty-Fourth Amendment. [ECF No. 3]. He also filed a "Motion to Reopen, Motion to Stay Proceedings pending Decision by Judicial Panel on Multidistrict Litigation No 2276 to Transfer to Consolidated-Coordinated Proceedings under 28 U.S.C. 1407: Class Action Certification Pending by [Plaintiff]." [ECF No. 5].

On October 17, 2011, the Court entered an Order [ECF No. 6] denying Plaintiff's Motion for Total Waiver of Filing Fees and Costs. Plaintiff was informed that if he wished to proceed with this action, he was required to submit, on or before October 31, 2011, "the full filing fee to the Clerk, or provide a certified copy of his institutional [account statements]." In the same Order, the Court denied Plaintiff's Motion to Reopen and Stay Proceedings [ECF No. 5] as moot, given that the panel had already denied Plaintiffs motion for transfer. See In re: Keith Russell Judd Voting Rights Litigation, ___F. Supp. 2d ____, 2011 WL 4684348 at *1 (U.S. Jud. Panel Multi. Dist. Litig. Oct. 7, 2011). Plaintiff was notified that failure to file Objections to the Court's Order by October 31, 2011, would result in waiver of his right to appeal. Plaintiff responded to this Order by filing an "Application (Motion) for Waiver of filing fees and Costs of Appeal." [ECF No. 7].

On November 28, 2011, Plaintiff filed untimely Objections [ECF No. 9] to the Court's Order docketed at [ECF No. 6]. These Objections were in the nature of a constitutional treatise dealing with the right of access to the courts, the Twenty-Fourth Amendment's prohibition against conditioning the right to vote upon the payment of a poll or any other tax, the irrelevance

of durational residency requirements, a presidential candidate's standing to represent voters, the

constitutional right of convicted felons to vote in presidential elections, and the fact that the

Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), et seq. and its screening procedures are an

"unconstitutional usurpation of the sovereignty of the People as set forth in the Preamble of the

Constitution of the United States." [ECF No. 9 at 4].[1]  The Court has reviewed the substance of

these arguments and finds that they are without merit.

Because Plaintiff failed to respond to the Court's Orders regarding his institutional

accounts, and failed to file timely Objections to the Court's Order when directed to do so, this

matter should be dismissed.  The punitive dismissal of an action for failure to comply with court

orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In

exercising its discretion, the court must consider the following six factors set forth in Poulis v.

State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984):

(1)      The extent of the party's personal responsibility;

(2)      The prejudice to the adversary caused by the failure to meet scheduling orders and

respond to discovery;

(3)      A history of dilatoriness;

(4)      Whether the conduct of the party or the attorney was willful or in bad faith;

(5)      The effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and

(6)      The merit of the claim or defense.

---

[1] In making this argument, Plaintiff makes clear that he was three struck in 2002.  See Judd v. Fergeson,
239 F. Supp. 2d 442 (D.N.J. 2002).  Under the three strikes rule, a prisoner who, on three or more prior
occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous,
malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status
unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g)

"Not all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). On the whole, the Poulis factors favor dismissal of this action.

Prejudice to the Defendants is not a factor at this point in the litigation. Plaintiff's claim, however, seems to have little merit. Moreover, his failure to comply with the terms of the Court's Orders appears to constitute dilatory conduct and a lack of personal responsibility, and may well rise to the level of bad faith. Poulis last directs that the Court consider the effectiveness of sanctions other than dismissal. Since Judd has sought leave to proceed with this matter in forma pauperis, monetary sanctions would be meaningless. Because he has elected not to make the filings required by the Court, and failed to file timely objections to the Court's Orders, although he was warned that failure to do so would cost him the right to appeal, it is respectfully recommended that Judd's Complaint be dismissed, and that the pending Motions [ECF Nos. 1 and 7] be denied as moot. Dismissal of the Complaint should be with prejudice, because it does not appear that the claims raised therein can be amended to state a viable claim; any attempt to do so would be futile. No other sanction will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that this matter be dismissed with prejudice for failure to comply with the Court's Orders, and because Plaintiff is three struck within the meaning of the Prison Litigation Reform Act. It is further recommended the Plaintiff's pending motions, [ECF Nos. 12, 14, and 18], be denied as moot.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, Objections to this Report and Recommendation are

due by December 12, 2011.  Failure to timely file Objections will constitute waiver of any

appellate rights.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

<u>/s/ CYNTHIA REED EDDY</u>
Cynthia Reed Eddy
United States Magistrate Judge

Dated:  November 28, 2011

cc: Keith Russel Judd
   11593-051
   FCI Texarkana
   Unit K-2
   P.O. Box 7000
   Texarkana, TX  75503-7000