IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | 2:11-cv-00773 |
| | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Cynthia Reed Eddy |
| | ) | |
| v. | ) | |
| | ) | |
| PENNSYLVANIA DEPARTMENT | ) | |
| OF STATE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

Plaintiff Keith Russell Judd ("Plaintiff" or "Judd") filed a Motion to Proceed In Forma Pauperis [ECF No. 1], seeking to file a complaint to have his name added to Pennsylvania's 2012 Presidential Election Ballot. The court directed him to submit certified copies of institutional account statements for every institution in which he had been incarcerated from December 1, 2010 through the date of the account submission. [ECF No. 6]   Plaintiff failed to comply with that order.  Instead, he filed two Motions, one for "Total Waiver of Filing Fees and Costs Under the Twenty-Fourth Amendment, [ECF No. 3], and a Motion to Reopen, and to "Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation to Transfer to Consolidated-Coordinated Proceedings Under 28 U.S. C. 1407: Class Action Certification Pending by [Plaintiff]." [ECF No. 5].  The court denied the motion for a total waiver of filing fees, again directing Plaintiff to submit "the full filing fee to the Clerk, or provide a certified copy of his institutional account statement." [ECF No. 6].  In the same order (which the court also denominated a Report and Recommendation), the court denied Plaintiff's motion to reopen ECF No. 5 as moot, given that the panel had already denied Plaintiff's motion for transfer, noting that

he had filed over thirty related actions in various federal districts. See In re: Keith Russell Judd Voting Rights Litig., __F. Supp.2d __, 2011 WL 4684348 at *1 (U.S. Jud. Panel Multi. Dist. Litig. Oct. 7, 2011). Plaintiff was advised that any objections to the Report and Recommendation were to be filed on or before October 31, 2011, and was notified that failure to do so would result in a waiver of his appellate rights pursuant to Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). [ECF No. 6].

Three days later, Plaintiff filed a second Motion for Waiver of Filing Fees and Costs on Appeal under the Twenty-Fourth Amendment. [ECF No. 7]. On November 8, Judd filed untimely objections [ECF No. 9], which were not responsive to the court's order at ECF 6. Instead, these objections generally described the right of access to the courts, the Twenty-Fourth Amendment's prohibition against conditioning the right to vote upon the payment of a poll or any other tax, the irrelevance of durational residency requirements, a presidential candidate's standing to represent voters, and the constitutional right of convicted felons to vote in presidential elections. Plaintiff argued that the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)(2), et seq. and its screening procedures are an "unconstitutional usurpation of the sovereignty of the People as set forth in the Preamble of the Constitution of the United States." [ECF No. 9 at 4]. These arguments lacked merit. Most significantly, these objections revealed that Judd had been three struck in 2002, which, under the PLRA, is reason enough to deny his request to proceed in forma pauperis in the filing of the pending complaint. See Judd v. Fergeson, 239 F. Supp. 2d 442 443 n.1 (D. N.J. 2002); 28 U.S.C. § 1931.

In an abundance of caution, the court did not recommend that Judd's motion be denied solely on these grounds, but also conducted a Poulis analysis to determine whether Judd's action should be dismissed for failure to comply with the court's orders. In its Report and Recommendation, the court wrote:

> Because he has elected not to make the filings required by the Court, and failed to file timely objections to the Court's Orders, although he was warned that failure to do so would cost him the right to appeal, it is respectfully recommended that Judd's Complaint be dismissed, and that the pending Motions [ECF Nos. 1 and 7] be denied . . . . Dismissal of the Complaint should be with prejudice, because it does not appear that the claims raised therein can be amended to state a viable claim; any attempt to do so would be futile.

[ECF No. 10 at 4].

Judd was advised to file objections to this Report and Recommendation on or before December 12, 2011. Objections were filed [ECF No. 11] seven days late, with no explanation for why Plaintiff failed to file them in a timely manner. In these objections, Judd attacks the constitutionality of § 1915(g) of the PLRA, and contends that he is not a prisoner within the meaning of the PLRA. The authority cited in support of these arguments is inapposite, and the arguments lack merit.

Now this 20th day of December, 2011 upon independent review of the record, and upon consideration of Plaintiff's filings and the magistrate judge's Report and Recommendation [ECF No. 10], which as supplemented by this order is adopted as the opinion of this court,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 1] is DENIED with prejudice, because Judd is three struck under 28 U.S.C. § 915(g), and he failed to comply with orders of the court. The Motion for Waiver of filing fees and Costs on Appeal [ECF No. 7] is DENIED as moot. [1]

The clerk is directed to mark this case closed.

---

[1] In reviewing the Report and Recommendation, the court notes an error in the identification by the magistrate judge of the motions to be denied as moot. The motions listed in the Report and Recommendation, [ECF Nos. 12, 14, and 18], do not appear on the docket. The motion to be declared moot should be ECF No. 7. This error does not affect the substance of this order. It was clear in the Report and Recommendation what the magistrate judge was recommending and why.

                <u>s/ Joy Flowers Conti</u>
                Joy Flowers Conti
                United States District Judge

cc: Counsel of Record via CM-ECF

   Keith Russel Judd
   FCI Texarkana Unit K-2
   P.O. Box 7000
   Texarkana, TX  75503-7000